UNITED STATES DISTRICT COURT
FILED
AUG 19 2019
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SARAH STIRPE, individually and on
behalf of all others similarly situated,

       Plaintiff,

 -v-

PIONEER CREDIT
RECOVERY, INC.,

       Defendant.

_____

18-CV-00882-LJV-MJR

REPORT AND
RECOMMENDATION

This case has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)

for all pre-trial matters and to hear and report upon dispositive motions. (Dkt. No. 16).

Presently before the Court is defendant Pioneer Credit Recovery, Inc.'s motion to dismiss

plaintiff Sarah Stirpe's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

(Dkt. Nos. 9-11) For the following reasons, it is recommended that defendant's motion to

dismiss the complaint be denied.

## **RELEVANT FACTS**

### *The Complaint*

Sarah Stirpe ("Stirpe" or "plaintiff") brings the instant action against Pioneer Credit

Recovery, Inc. ("Pioneer" or "defendant") for violations of the Fair Debt Collection

Practices Act ("FDCPA"). (Dkt. No. 1) Stirpe's complaint alleges that she is a "consumer"

who allegedly owes a "debt" and that Pioneer is a "debt collector", as each of those terms

are defined by the FDCPA. (*Id.*) The complaint further alleges that on or about July 10,

2018, Pioneer mailed Stirpe a form letter and various documents in connection with the

collection of a debt. (*Id.*) The complaint alleges that "[w]hile the letter is addressed to Mr.

David Pawlak, DEFENDANT mailed the letter directly to PLAINTIFF at her address, whose maiden name is in the 'Re:' line at the top of the letter."[1] (*Id.*) Stirpe further alleges that the letter and accompanying documents indicated that she owed a balance of $51,067.85 but failed to disclose that this balance may increase over time due to interest and fees. (*Id.*)  Further, the letter and accompanying documents failed to state that Pioneer would accept payment of the balance in full satisfaction of the debt if payment was made by a specified date.  (*Id.*)  Stirpe alleges that by failing to include this information in the July 10, 2018 communication, Pioneer violated a provision of the FDCPA which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (*Id.*)[2]

The July 10, 2018 Communication

Pioneer's July 10, 2018 letter to Stirpe, as well as the accompanying documents, were not attached as exhibits to the complaint.  However, they were submitted to the Court by Pioneer in support of the motion to dismiss.  (Dkt. No. 11-1)  The letter is written on Pioneer's letterhead.  (*Id.*)  Underneath Pioneer's address is the statement "Pay online", followed by a website address where a consumer may presumably visit to make a payment.  (*Id.*)  The letter is addressed "Dear Attorney David Pawlak, Re: Sarah Hanrahan." (*Id.*)  Another "Re" line above the greeting provides an account number.  (*Id.*)  The body of the letter states: "Enclosed is a copy of the documents you requested." (*Id.*)  The letter also includes the following statement below the signature line: "This is an

---

[1] The complaint itself does not state who David Pawlak is, nor does it provide plaintiff's maiden name. (Dkt. No. 1)
[2] The complaint alleges that Stirpe intends to bring the action individually and on behalf of all others similarly situated pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  (Dkt. No. 1)  The fact that Stirpe purports to bring the lawsuit as a class action is not relevant to the instant motion to dismiss.

attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose." (*Id.*) The documents accompanying the letter are all related to Stirpe's student loan debt. They include Federal Stafford Loan Master Promissory Notes and a "Case Reconstruction Report". (*Id.*) The Case Reconstruction Report lists Stirpe's cumulative balance, together with accrued interest and collection fees, in periodic intervals from July 2, 2010 through June 26, 2018. (*Id.*) The Case Reconstruction Report shows that Stirpe's "case total" or "cumulative balance", on June 26, 2018, is $51,067.85. (*Id.*) Neither the letter itself nor the accompanying documents state that the balance on June 26, 2018 is subject to further increase over time due to interest or fees, nor do they state that Pioneer will accept payment of the June 26, 2018 balance in full satisfaction of Stirpe's debt if payment is made by a specified date.

### *Counsel's Statements During Oral Argument*

During oral argument of the motion to dismiss, the Court inquired as to what had transpired between the parties prior to the July 10, 2018 communication, including what had prompted Pioneer to the send the letter and account documents to Stirpe. Defense counsel indicated that while he was unsure of the entire background of the loan, it was his understanding that Stirpe either requested information about the loan through her former attorney, or that she had asked Pioneer to send her information and documents that were previously sent to her attorney. The Court also asked what triggered Stirpe to request these documents and whether Pioneer had made a previous request or demand for payment from Stirpe. Defense counsel indicated that, as he understood the facts, there were no ongoing collection efforts by Pioneer when the July 10, 2018 letter was sent. He further represented that it was his understanding that Stirpe or her attorney

3

requested the information from Pioneer because she was seeking to modify the terms of her loan. In contrast, plaintiff's counsel indicated that it was his understanding that there were ongoing collection efforts by Pioneer over the last few years related to Stirpe's loan. He further represented that, when an individual owes a federal student loan debt, the government may offset the debt by withholding part or all of the individual's income tax return. He believed that either Stirpe or her attorney may have been prompted to inquire about the loan or request documents from Pioneer after her income tax return was withheld. Plaintiff's counsel was also unaware if Pioneer had made a recent request or demand for payment from Stirpe. However, it was his understanding that Stirpe was interested in satisfying the debt and may have requested information about the loan from Pioneer because she believed that some of the figures or amounts were inaccurate.

## DISCUSSION

In order to state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). In reviewing a complaint in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true all factual allegations and draw all reasonable inferences from those allegations in favor of the plaintiff. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Specifically, a complaint must plead "enough facts to state a claim to relief that is plausible on its face", *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must "allow[]the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When deciding a motion to dismiss, the Court may consider: "(1) the facts alleged on the face of the complaint; (2) documents

attached to the complaint as exhibits; (3) documents incorporated in the complaint by reference; and (4) matters of which the court may take judicial notice." *Lightner v. Wenderlich*, 271 F. Supp. 3d 445, 453 (W.D.N.Y. 2017). Even where a document is not incorporated by reference, the court may nonetheless consider it where the complaint "relies heavily upon its terms and effect," which renders the documents "integral" to the complaint. *Chambers v. Time Warner,* 282 F.3d 147, 152-53 (2d Cir. 2002); *accord Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). In evaluating the instant motion to dismiss, the Court has considered the facts alleged in the complaint as well as the July 10, 2018 letter and accompanying documents sent to Stirpe by Pioneer, which were referenced in the complaint and provided to the Court in support of Pioneer's motion to dismiss.

Pioneer argues that the complaint must be dismissed because the July 10, 2018 communication was not sent in connection with the collection of a debt, but instead as a response to a consumer-initiated inquiry. Therefore, Pioneer argues, the communication is not subject to the requirements of Section 1692(e) of the FDCPA. Secondly, Pioneer argues that the communication was neither false nor misleading within the meaning of Section 1692(e) of the FDCPA. The Court will address each of Pioneer's arguments in turn.

### Whether the July 10, 2018 Communication Was Sent in Connection with the Collection of a Debt

Section 1692(e) of the FDCPA provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See* 15 U.S.C. §1692(e). Importantly, Section 1962(e) does not apply to "every communication between a debt collector and a debtor", but only to communications

5

made in connection with the collection of a debt. *Bradley v. Selip & Stylianou*, LLP, 17-CV-6224, 2018 WL 4958964 (W.D.N.Y. Oct. 15, 2018); *quoting Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-85 (7th Cir. 2010). In *Hart v. FCI Lender Servs.*, the Second Circuit addressed, for the first time, the scope of the FDCPA's "in connection with the collection of any debt" language. 797 F.3d 219, 224 (2d Cir. 2015). Therein, the Second Circuit concluded that whether a communication is sent in connection with the collection of a debt "is a question of fact to be determined by reference to an objective standard...rather than inquiring into the sender's subjective purpose." *Id.* at 225. Specifically, in order to survive a motion to dismiss, a plaintiff must "plausibly allege[ ] that a consumer receiving the communication could reasonably interpret it as being sent in connection with the collection of a debt." *Id.* The Second Circuit went on to explain that courts have differed as to whether "in connection with the collection of any debt" must also be an attempt to induce payment. *Id.* For example, the Sixth and Seventh Circuits have held that the communication "must attempt to induce a borrower to pay, not just convey information about the debt". *Id.* at 224; *See e.g.*, *Gburek*, 614 F.3d at 384-85 (communication made "to induce" a debtor to settle her debt will trigger the statute's protections). In contrast, at least one district court in the Second Circuit has held that "in connection with" is synonymous with the phrases "related to", "with respect to" and "associated with", and thus does not necessitate the inducement element. *Hart*, 797 F.3d at 226. However, the *Hart* Court went on to find that it "need not delineate the outer bounds of the phrase 'in connection with the collection of a debt'," since it was clear that the letter at issue was an attempt to collect a debt. *Id.* To that end, the Second Circuit reasoned that the letter referenced plaintiff's debt, directed plaintiff to mail all payments

including past due payments to a specified address, referenced the FDCPA by name, and indicated that if plaintiff did not dispute the debt within thirty days, it would be assumed valid. *Id.* The Second Circuit further concluded that, most importantly, the letter "announced itself as an attempt to collect a debt" by stating, "this is an attempt to collect upon a debt, and any information obtained will be used for that purpose." *Id.*

In *Bradley v. Selip & Stylianou, LLP*, Judge Geraci denied a defendant's debt collector's motion for judgment on the pleadings, where defendant argued, *inter alia*, that the letter sent to plaintiff was not sent in connection with the collection of a debt. 1:17-CV-6224, 2018 WL 4958964 (W.D.N.Y. Oct. 15, 2018). According to the facts of the case as alleged in the plaintiff's complaint, defendant instituted a debt-collection lawsuit against plaintiff based upon a credit card debt. A default judgment was obtained. Years later, after defendant moved to garnish plaintiff's wages, plaintiff contacted defendant to state that she had been a victim of identity theft and never owed the debt. Defendant then sent plaintiff a letter in response to her claim of identity theft. The letter requested various documents from plaintiff and indicated that if she did not send the information, defendant would resume its efforts to collect the debt. Judge Geraci, applying the standard set forth in *Hart*, found that plaintiff plausibly alleged that a consumer receiving the letter could reasonably interpret it as being both "related to" or "associated with" the collection of a debt as well as an attempt to collect a debt. Indeed, the letter appeared on law-firm letterhead, announced defendant as a debt collector, identified plaintiff's balance, and referenced her claims of identity theft. Judge Geraci went on to conclude that "although the letter [was] primarily concerned with obtaining the documents necessary to review [p]lainitff's claims of fraud, the letter contains elements that could lead a reasonable

consumer to believe that [defendant] is also acting in furtherance of its efforts to collect the debt." *Id*. Specifically, the letter stated that it was from a debt collector, disclosed the balance due, and indicated that defendant would continue its collection efforts should plaintiff fail to send the requested documents. *Id*.

The Court finds that here, like in *Hart* and *Bradley*, Stirpe has plausibly alleged that a consumer receiving the July 10, 2018 letter could reasonably interpret it as being sent in connection with the collection of a debt. Drawing all reasonable inferences in favor of plaintiff, the Count specifically finds that Stirpe has plausibly alleged that a consumer receiving the July 10, 2018 communication could reasonably interpret the communication as both "related to" or "associated with" the collection of a debt, as well as an attempt to collect a debt. The letter was sent by a debt collector on its letterhead. It contains information about plaintiff's loan, outstanding balance, interest and collection fees. It provides an account number and a website address with the phrase "pay online." Most importantly, as the Second Circuit noted in *Hart*, the letter expressly states "[t]his is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose." *Hart*, 797 F.3d at 228 (referencing the same language present in this case and noting that "[f]inally, and most importantly, the Letter, in its two-page attachment, emphatically announces itself as an attempt at debt collection" and "[w]e see no reason why we should not take it at its word, nor any reason that a consumer would (or indeed should) fail to credit the language of the document."). *See also Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017) (citing *Hart* and concluding that a communication sent in response to consumer's letter disputing validity of debt and requesting payoff statement was sent "in connection with the collection of a debt" under the FDCPA, where the letter

provided an address to mail payments, referred to the FDCPA by name and stated it was "an attempt to collect upon a debt, and any information obtained [would] be used for that purpose.").

The Court rejects Pioneer's argument that the letter and accompanying documents were not an attempt to collect a debt because it is clear, on the face of the letter, that Pioneer was merely enclosing documents requested by Stirpe or her attorney. Indeed, the letter indicates that Pioneer is enclosing documents pursuant to a request. However, as described above, the July 10, 2018 communication also contains indicia that it was sent in connection with the collection of Stirpe's debt. The Court sees no reason why the letter could not have served two purposes, in that it *both* included information requested by Stirpe or her attorney *and* served as an attempt to collect a debt by (1) providing detailed information about the balance; (2) listing a website for payment, and (3) advising that it was sent by a debt collector in order to collect a debt. *See e.g., Hart*, 797 F.3d at 226 (rejecting defendant's argument that a letter was not sent in connection with the collection of a debt because "even if it could be ascertained that [defendant's] sole intention in sending the Letter was comply with [the Real Estate Settlement and Procedures Act], we are hard put to accept that a reasonable *consumer* receiving the letter would necessarily understand that [defendant] did not send the Letter in connection with the collection of her debt... [a]nd we see no reason that the Letter could not serve more than one purpose in any event."); *Bradley*, 2018 WL 4958964, *5 ("Although the letter is primarily concerned with obtaining the documents necessary to review Plaintiff's fraud claim, the letter contains elements that could lead a reasonable consumer to believe that [defendant] is also acting in furtherance of its efforts to collect the debt.").

Considering that all reasonable inferences must be drawn in favor of plaintiff at this stage in the proceeding and construing the FDCPA in light of its remedial purpose, the Court finds that plaintiff's allegations are sufficient to survive a motion to dismiss.

Likewise, the Court rejects defendant's argument that the FDCPA does not apply here because the July 10, 2018 communication was a ministerial response to a consumer-initiated inquiry. District courts in this Circuit have found that communications instituted or initiated by a consumer do not implicate the FDCPA. *Gorham-Dimaggio v. Countrywide Home Loans, Inc.*, 1:05-CV-0583, 2005 WL 2098068 (N.D.N.Y. Aug. 30, 2005); *Derisme v. Hunt Leibert Jacobsom P.C.*, 880 F. Supp. 2d 311, 329 (D. Conn. July 23, 2012) ("[T]he FDCPA's protections are not triggered by communications initiated by someone other than the debt collector.") However, there is insufficient information before the Court to conclude, at this early stage in the proceeding, that the July 10, 2018 communication was *solely* in response to an inquiry by Stirpe or her attorney and was not *also* part of Pioneer's ongoing efforts to collect on Stirpe's student loan debt. The July 10, 2018 communication indicates that Pioneer is enclosing documents about Stirpe's loan in response to a request, but it is not entirely clear, from either the face of the letter or the facts alleged in the complaint, whether it was Stirpe or her attorney who requested the documents. The complaint alleges that the letter and accompanying documents were addressed to Stirpe's attorney but sent directly to Stirpe. If Stirpe's attorney made the request, there is insufficient information in the pleadings to show that Stirpe was aware of this fact when she received the communication. It is also unclear whether the July 10, 2018 communication was sent in furtherance of either an ongoing collection effort or other adverse proceeding against Stirpe by Pioneer. Indeed, during oral argument counsel for

both sides conceded that they were unsure as to whether there had been recent, ongoing collection efforts against Stirpe by Pioneer. Pioneer's counsel indicated that the request for documents may have been made because Stirpe was interested in modifying the terms of her loan. In contrast, Stirpe's counsel indicated that the inquiry may have been made because Stirpe was interested in repaying the loan but believed that the amount due was incorrect, or because Stirpe's income tax return was withheld because of the outstanding debt.[3] Further, the July 10, 2018 communication itself contains indicia that Pioneer was engaged in collection efforts against Stirpe or that the parties were engaged in some type of adversarial interaction or proceeding. The letter was addressed to an attorney. The Case Reconstruction Report lists "collection fees" as part of Stirpe's cumulative balance. The Report also notes "IRS Offsets" in calculating the balance. Thus, it cannot be found, as a matter of law, that the July 10, 2018 communication was only a ministerial response to an inquiry by Stirpe regarding the status or terms of her loan, as opposed to a communication set in furtherance of Pioneer's ongoing collection efforts against Stirpe. *See Bradley*, 2018 WL 4958964, *5 (a letter sent to a debtor after debtor contacted debt collector to inform them that she was the victim of identity theft was not a ministerial response to a consumer inquiry because the letter was "itself a response to [the debt collector's] ongoing collection efforts"); *Carlin*, 852 F.3d at 215 (letter sent by

---

[3] The Court acknowledges that "[w]hen determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to factual allegations in [plaintiff's complaint], which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff had knowledge and relied on in bringing suit." *Brass v. American Film Technologies, Inc.*, 987 F.2d 142 (2d Cir. 1992). Thus, the Court does not expressly rely on any statements by counsel during oral argument as facts to support its recommendation to deny the motion to dismiss. Instead, the Court references counsel's factual dispute over the circumstances of the July 10, 2018 communication to show that there is insufficient evidence as to the background of the communication for the Court to find, as a matter of law, that the communication was a ministerial response to a consumer-initiated inquiry.

debt collector in response to debtor's communication disputing the debt and requesting a verification of a dollar amount was not "merely a response to an unsolicited request for information" because debtor believed that he was obligated to dispute the debt within 30 days).   While further discovery may prove that the July 10, 2018 communication was indeed a ministerial response to an inquiry initiated by Stirpe, more facts must be ascertained about the circumstances of the communication before the Court could dismiss the case on this basis.  *See Ignatowski v. GC Servs.*, 3 F. Supp. 2d 187 (D. Conn. 1998) (finding, after a bench trial, that FDCPA requirements did not apply to a facsimile sent to a plaintiff's lawyer per plaintiff or plaintiff's lawyer's request, where the plaintiff's lawyer knew that defendant was attempting to collect a debt, and noting "it would be absurd in this case to place a sword in the hands of a debtor"); *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311 (D. Conn. 2012) (finding, at the summary judgment stage, that defendant did not violate FDCPA by responding to an inquiry by plaintiff as to how she could keep her mortgage current and was "therefore not attempting to collect a debt but merely responding to plaintiff's voluntary inquiry").[4]

---

[4] The cases relied on by Pioneer in support of its argument that the FDCPA does not apply here because the July 10, 2018 communication was a ministerial response to a consumer-initiated inquiry are distinguishable.  In *Gorham-Dimaggio v. Country Home Loans, Inc.*, 1:05-CV-0583, 2005 WL 2098068 (N.D.N.Y. Aug. 30, 2005), plaintiff telephoned defendant, who held the mortgage on her home, to ascertain why a payment had not been processed.  *Id.*  Plaintiff was transferred to the "Loan Counseling Department", where an automated message advised that they were a debt collector.  *Id.*  The Northern District of New York Court held that defendant's failure to provide certain additional disclosures did not violate the FDCPA since defendant was not attempting to collect a debt and plaintiff had initiated contact with defendant.  In contrast here, the Court has found that Stirpe has plausibly alleged that a consumer receiving the July 10, 2018 communication could reasonably conclude that while it enclosed requested documents, it was also sent in furtherance of Pioneer's debt collection efforts against Stirpe.  Further, the entire communication in *Gorham-Dimaggio* took place during a telephone call *the consumer initiated with the debt collector*, while this case involves a letter *sent by the debt collector to the consumer*.  In *Araujo v. PennyMac Loan Services, LLC*, an Eastern District of New York Court held that defendant's response to plaintiff's request for a copy of mortgage loan documents did not fall under the protections of the FDCPA.  15-CV-00062, 2015 WL 5664259 (E.D.N.Y. Sept. 23, 2015).  However, unlike this case where it is unclear who requested the loan documents and for what purpose, the *Araujo* Court noted that the "undisputed facts establish that Plaintiff contacted Defendant on October 30 to request a copy of her

_Whether the July 10, 2018 Letter Was False or Misleading_

Having found that Stirpe has sufficiently alleged that the July 10, 2018 communication was sent in connection with the collection of a debt and thus subject to the protections of the FDCPA, the Court now turns to whether Stirpe has sufficiently alleged that the communication itself was false or misleading within the meaning of the FDCPA. In _Avila v. Riexinger & Assocs., LLC_, the Second Circuit held that debt collectors run afoul of Section 1692(e) of the FDCPA when, in notifying consumers of their account balance, they fail to disclose that the consumer's balance may increase over time due to interest or fees. 817 F.3d 72, 76 (2d Cir. 2015). In _Avila_, the debt collection notices at issue provided plaintiffs' current balances but did not disclose that the balances were continuing to accrue interest and were subject to further late fees. _Id._ at 72. The Second Circuit concluded that the notices were misleading because "a reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed." _Id._ at 75-76.  The _Avila_ Court then went on to adopt a safe harbor provision, which provides that "a debt collector will not be subject to liability under Section 1692(e) for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date." _Id._ at 77.

Here, the Case Reconstruction Report lists plaintiff's "cumulative balance" at periodic intervals between July 2, 2010 and June 26, 2018. (Dkt. No. 11-1) The Report

---

mortgage documentation." _Id._ at *3.  Also unlike the communication at issue here, the correspondence in _Araujo_ did not announce itself as being an attempt, by a debt collector, to collect a debt. _Id._

reflects that the cumulative balances listed, over that time period, include accrued interest and collection costs. (*Id.*)  The Report then provides a "case total" or last cumulative balance of $51,067.85 on June 26, 2018. (*Id.*)  The Report does not indicate that the case total on June 26, 2018 may increase due to interest or fees, that the case total will increase over time, or that Pioneer will accept a payment of the case total in full satisfaction of Stirpe's debt if paid in full by a certain date.  By failing to include this information, the July 10, 2018 communication violates Section 1692(e)'s proscription against misleading communications, as defined by the Second Circuit in *Avila.*

The Court rejects Pioneer's argument that the communication was not misleading because, by providing detailed information about accrued interest and collection fees that accumulated between July 2, 2010 and June 26, 2018, a consumer receiving the communication "would have no reason to believe that the balance was static and not subject to further increase over time."  Indeed, the Report provides information about *prior* interest and collection costs.  However, the ruling in *Avila* makes clear that a notice violates Section 1962(e) when it fails, as is the case here, to advise a consumer that a current balance is subject to *future increase* because of interest or fees.  *See Douglas v. Forster & Garbus LLP*, 16-CV-6487, 2016 U.S. Dist. LEXIS 148351 (WDNY Oct. 26, 2016) (finding that debt collector's failure to indicate that interest and fees would continue to accrue beyond date of letter was not *de minimis* violation of Section 1962(e), despite defendant's argument that the consumer had "constructive knowledge" that interest and fees were being added, since the FDCPA was intended to offer broad protection to consumers).  A finding that Stirpe has sufficiently alleged that the July 10, 2018 communication violates *Avila* on its face is consistent with the mandate that the Court

14

construe the communication from the perspective of the least sophisticated consumer. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012) ("Whether a collection letter is false, deceptive, or misleading under the FDCPA is determined from the perspective of the objective least sophisticated consumer.")   Moreover, the Court is mindful that the FDCPA is a consumer protection statute which is remedial in nature, and thus "its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *N.C. Freed Co. v. Bd. Of Governors of Fed. Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir. 1973).

Finally, Pioneer argues that the July 10, 2018 communication was not false or misleading because Stirpe had the benefit of counsel, who was able to assist her, explain the meaning of the communication, and protect her from any alleged improper conduct by Pioneer. *See e.g., Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002) (stating, *in dicta*, that "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior."); *Vernot v. Pinnacle Credit Service, LLC*, 16-CV-3163, 2017 WL 384327 (E.D.N.Y. Jan. 26, 2017) (noting that the Second Circuit has expressed "grave reservations" about finding "alleged misrepresentations to attorneys for putative debtors" constitute FDCPA violations); *but see Suitor v. Fein, Such & Crane*, LLP, 1:15-CV-438, 2015 U.S. Dist. LEXIS 144753 (W.D.N.Y. Oct. 26, 2015) ("[T]he fact that plaintiffs have legal representation is just one factor in this court's consideration of whether the defendant's communications were false and misleading under the least sophisticated consumer standard.").   The Court rejects defendant's arguments that the communication was not misleading because it was

directed to a lawyer and because Stirpe had the benefit of counsel when she received it. While the July 10, 2018 communication was addressed to "Attorney David Pawlak", the complaint alleges that it was mailed directly to Stirpe.  Thus, Stirpe alleges that the communication was directed to her and not an attorney.  Further, there are no allegations before the Court indicating who "Attorney David Pawlak" is, nor are there allegations indicating if or when he represented Stirpe or the scope of such representation.  Thus, at this early stage in the proceeding, there are no facts which must be accepted as true proving that Stirpe was represented by an attorney when she received the communication from Pioneer, that an attorney actually advised Stirpe regarding the communication, or that an attorney was acting as an intermediary between the parties at the time Stirpe received the communication.

## CONCLUSION

For the foregoing reasons, it is recommended that defendant Pioneer Credit Recovery Inc.'s motion to dismiss the complaint (Dkt. Nos. 9-11) be denied.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report, Recommendation and Order be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72.  Any requests for an extension of this deadline must be made to Judge Vilardo.

*Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE*

*RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.* See *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See* Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* **Failure to comply with these provisions may result in the District Court's refusal to consider the objection.**

**SO ORDERED.**

DATED:     August 14, 2019
           Buffalo, New York

HONORABLE MICHAEL J. ROEMER
United States Magistrate Judge